IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDOLPH CASTRO** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 13-7580** |
| v. | : | |
| | : | |
| **CAROLYN W. COLVIN, Acting** | : | |
| **Commissioner of Social Security** | : | |
| *Defendant* | : | |

## O R D E R

**AND NOW**, this 3rd day of August 2015, upon a careful and independent consideration of the Report and Recommendation submitted by United States Magistrate Judge Timothy R. Rice, [ECF 14], Plaintiff's Objections thereto, [ECF 15], Defendant's response to the opposition, [ECF 17], and the Administrative Record, [ECF 10], it is hereby **ORDERED** that Plaintiff's Objections are **OVERRULED**, the Report and Recommendation is **APPROVED** and **ADOPTED**, and Plaintiff's request for review is, therefore, **DENIED**.[1]

---

[1] On March 9, 2011, Randolph Castro ("Plaintiff") applied for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§401-34. (Administrative Record ("A.R."), at 12). His claim was initially denied on April 27, 2011. (*Id.*). On June 6, 2011, pursuant to 20 C.F.R. §404.929, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held one year later, on June 6, 2012. (*Id.*). At the hearing, Plaintiff claimed that he was disabled and suffered "back pain, irritable bowel syndrome, sciatica, and chronic fatigue syndrome," as well as depression, anxiety, and reactive airways disease. (*Id.* at 15-17). On July 25, 2012, the ALJ denied Plaintiff's application and found that he did not suffer from a "severe impairment," as defined in the Act and by step two of the five-step sequential process for determining disability. (*Id.* at 19); *see also* 20 C.F.R. §404.1520(a)(4)(i)-(v); *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005). On September 14, 2012, Plaintiff filed a timely request for review to the Social Security Administration Appeals Council ("Appeals Council"). (*Id.* at 6-7). On October 30, 2013, the Appeals Council denied Plaintiff's appeal resulting in a final denial decision by the Commissioner of Social Security. (*Id.* at 1-5).

On December 24, 2013, Plaintiff sought judicial review pursuant to 42 U.S.C. §405(g), and filed a complaint in federal court against Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("Defendant"). Consistent with court procedures, on July 28, 2014, Plaintiff submitted a *brief and statement of issues in support for request for review* ("Brief") essentially arguing that the ALJ erred: (1) in finding that he did not suffer from a severe physical impairment and (2) in assessing credibility. [ECF 11]. Defendant filed a timely response to the Brief. [ECF 12]. By Order dated September 23, 2014, this matter was referred, pursuant to 28 U.S.C. §636(b)(1) and Federal Rule of Civil Procedure ("Rule") 72, to Magistrate Judge Timothy R. Rice for a *Report and Recommendation* ("R&R"). On March 10, 2015, the Magistrate Judge submitted an R&R recommending that Plaintiff's request for judicial review be denied. [ECF 14]. On March 23, 2015, Plaintiff timely filed Objections to the R&R, [ECF 15], and, on April 2, 2015, Defendant filed a timely response to the Objections. [ECF 17].

When a party makes specific objection(s) to the report and recommendation, the district court must perform a *de novo* review of the issues raised by the objection(s). Fed. R. Civ. P. 72(b)(3); *Martinez v. Astrue*, 2011 WL 4974445, at *2 (E.D. Pa. 2011) (citing 28 U.S.C. §636(b)(1) (2005)). In its *de novo* review, a district court may

"accept, reject, or modify, in whole or in part, the findings and recommendations" of the magistrate judge's report. *Id.* In order to qualify for *de novo* review, "an objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge." *Id.*; *see also* Local Rule 72.1(IV)(b) (providing that written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."). Thus, judicial review of an administrative record is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." *Martinez*, 2011 WL 4974445, at *1 (quoting *Gilmore v. Barnhart*, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005)); *see also Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (court noting that *de novo* review of objections is not appropriate when such review would undermine efficiency of the magistrate system); *Nghiem v. Kerestes*, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to engage in a review of duplicative objections previously dismissed by the magistrate judge).

Here, in the Objections, Plaintiff generally contends that the Magistrate Judge "conflates the legal error with respect to the ALJ's failure to find 'severe impairment' with its analysis that Plaintiff was not disabled." (Objections at 1). Within this general objection, Plaintiff appears to object to the ALJ's purported error: (a) in determining that none of Plaintiff's medical impairment[s] caused any limitation" (*Id.* at 2); (b) in relying on the lack of medical treatment as a basis for discrediting his complaints of pain (*Id.* at 3); and (c) in relying on his lay analysis of the raw medical data (*Id.* at 4). Plaintiff also contends that the Magistrate Judge did not discuss his chiropractor's assessment that he could not lift more than 10 pounds or stand/walk/sit more than 30 minutes at a time. (*Id.* at 3). A careful review of the evidence of record, Plaintiff's Brief, and the R&R, reveals that Plaintiff's first three Objections "simply rehash" arguments made in the request for review and the last Objection lacks merit. This Court finds that all the Objections were thoroughly addressed and were properly disposed by the Magistrate Judge. However, in the interests of judicial economy and caution, this Court will briefly review Plaintiff's Objections.

As stated, in its review, a federal court is limited to determining whether substantial evidence supported the administrative law judge's decision. *See* 42 U.S.C. §405(g); *Aponte v. Astrue*, 2013 WL 433578, at *2 (E.D. Pa. Feb. 5, 2013) (citing *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994)). The term substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez*, 2011 WL 4974445, at *1 (quoting *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988)). "It is less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of U.S. Dept. of Health and Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). The standard is deferential, and "a court may not '[w]eigh the evidence to substitute [its own] conclusions for those of the fact-finder.'" *Aponte*, 2013 WL 433578, at *2 (quoting *Rutherford*, 399 F.3d at 552).

In his first Objection, Plaintiff contends that his numerous ailments are disabling and that the ALJ incorrectly determined his impairments were non-severe. Plaintiff's Brief in support of his claim employs this same argument with slightly different wording, *i.e.*, that he "produced objective evidence and medical opinion to prove severe impairment." (Brief at 8). Further, in both the Objections and the Brief, Plaintiff argues that the opinions of Dr. Patricia Coughlin, Dr. E. James Kohl, and Dr. John J. Kraus should have been weighed differently by the ALJ to support a finding of severe impairment. (Brief at 8-10; Objections at 2-3). In addressing the opinions of these three medical professionals, the Magistrate Judge found that the record supports the ALJ's findings that Dr. Kohl's examination of Plaintiff was "largely normal;" that Dr. Coughlin's opinion could be discounted because it did "not include a suggested duration;" and that Dr. Kraus' opinion actually contradicts the earlier medical evidence that Plaintiff "produced in his support." (R&R at 13). Based on the opinions of these medical professionals and additional diagnostic evaluations, the ALJ found a lack of medical support of a disabling impairment. (A.R. at 18).

Plaintiff's second Objection challenges the ALJ's purported error in relying on the "lack of treatment as a basis for discrediting complaints of pain." (Objections at 3). This contention reiterates the argument made in his Brief that "[t]he ALJ erred as a matter of law when he relied on [P]laintiff's lack of medical treatment as justification to discredit [P]laintiff's testimony without proper consideration of [P]laintiff's reasons for his inability to obtain medical

2

The Clerk is directed to **CLOSE** this matter.

BY THE COURT:

NITZA I. QUIÑONES ALEJANDRO, J.

---

insurance." (Brief at 13). In his Objection, Plaintiff almost verbatim restates the same argument. The Magistrate Judge reviewed the ALJ's credibility determinations and concurred with the ALJ's assessment that (1) the medical record does not support Plaintiff's "allegations as to the severity of his pain," (2) his lack of treatment was appropriately considered, and (3) his work history showed short-term employment with different employers over the relevant years. (R&R at 16). Furthermore, credibility determinations are reserved for the ALJ and are binding unless not supported by the record. *See* 20 C.F.R. §404.1529. The ALJ considered both Plaintiff's lack of treatment and his stated reason for not obtaining treatment when assessing credibility. (A.R. at 16-18). These conclusions are supported by the record.

Plaintiff's third Objection contends that the ALJ erred when he "rel[ied] upon his lay analysis of the raw medical data." (Objections at 4). Mirroring this Objection, Plaintiff argued in his Brief that the ALJ failed "to provide contradictory medical evidence for discounting Mr. Castro's testimony regarding alleged symptoms at step two of the process," but instead inserted his own lay opinion. (Brief at 11-12). Again, Plaintiff's arguments are merely different ways of stating the same previously made argument. The Magistrate Judge found that this argument lacked merit as the ALJ had relied "on the determinations of the state agency medical and psychological consultants," and not his own lay opinion. (R&R at 13). These state medical experts had "determined that the claimant's physical and mental impairments were non-severe." (A.R. at 17). Clearly, the substantial evidence of record supports these medical opinions and a finding that the ALJ did not substitute his own lay opinion for medical evidence.

Upon review of Plaintiff's Brief and Objections, this Court finds that the first three Objections "simply rehash" the arguments made in his request for judicial review which were properly addressed by the Magistrate Judge. In the R&R, the Magistrate Judge thoroughly reviewed the medical evidence and the record as a whole and determined that the ALJ's decision was supported by substantial evidence and the legal standard. This Court finds no reason to deviate from the Magistrate Judge's findings as substantial evidence of record supports the ALJ's decision and credibility determinations. Because this Court finds that the arguments raised in Plaintiff's Objections "simply rehashed" those made in his Brief and were adequately addressed by the Magistrate Judge in the R&R, this Court finds that they lack merit and are not reviewable.

Lastly, in Plaintiff's fourth Objection, he contends that the R&R does not discuss his chiropractor's assessment that he "could not lift more than 10 pounds or stand/walk/sit more than 30 minutes at a time." (Objections at 3). Plaintiff is mistaken. In the R&R, the Magistrate Judge specifically noted the chiropractor's assessment; *to wit*: that "[t]he chiropractor noted that Castro's duties should be modified to exclude pushing, pulling, bending, stooping, squatting, and overhead lifting, that he should take breaks from sitting, standing, and walking every 30 minutes and that he should lift and/or carry no more than 10 pounds at a time." (R&R at 5). Thus, this Objection is overruled as factually incorrect.

Based on the above analysis, this Court finds that the majority of Plaintiff's Objections "simply rehash" arguments raised in his request for review, and, therefore, *de novo* review of these Objections is not warranted. Notwithstanding, should review be appropriate, for the reasons stated, this Court also finds that these Objections, as well as the fourth Objection, lack merit. In light of these findings, Plaintiff's Objections are overruled. The Magistrate Judge's findings and recommendations are approved and accepted in whole.